Defendant-appellant, Bernard F. Fair, appeals his conviction for receiving stolen property, in violation of R.C. 2913.51. For the reasons that follow, we affirm.
On December 4, 1997, police officers from the City of Cleveland Heights were dispatched to the area of 2757-2761 Euclid Heights Boulevard in response to a citizen's complaint that a black male, wearing blue pants and a blue shirt, was loitering around several automobiles in the driveway between two apartment buildings.
Police officer Parker A. Adrine, Jr., testified at trial that when he arrived at 2761 Euclid Heights Boulevard at approximately 8:08 a.m. on December 4, 1997, another officer had already detained appellant in the driveway between the apartment buildings and was talking to him. According to Adrine, appellant matched the description broadcast by the dispatcher.
Adrine testified that he approached the officer and appellant to render assistance. In response to questioning, appellant told Adrine that he did not live in either apartment building, but that he had been at the Arabica Coffeehouse, which is located several buildings east of the apartment buildings. Adrine testified that as he questioned appellant further, appellant began to reach in his right rear pocket. Adrine told appellant that for both appellant's and Adrine's safety, appellant should not do that again. Appellant, however, again reached for his right rear pocket. According to Adrine, appellant did not reach for any other pocket.
Adrine testified that appellant's behavior was making him nervous, so he patted him down to search for weapons. In appellant's right rear pocket, Adrine felt a sharp-edged item, which he thought could be a bladed weapon. Adrine then reached in appellant's pocket and pulled out a Sunoco gas credit card bearing the name "Laurence J. Powers."
According to Adrine, he then asked appellant his name, and appellant responded "Bernard Fair." Adrine then asked appellant whose credit card he had pulled from appellant's pocket; appellant responded that he did not know. When Adrine asked appellant where he had gotten the credit card, appellant stated, "I have no idea."
Adrine testified that he put appellant in the back seat of a patrol car and then radioed headquarters and asked someone to call the 800 number listed on the back of the credit card to determine if the card had been reported stolen. Subsequently, an officer advised Adrine that a Sunoco representative had confirmed that the card had been reported lost or stolen.
Joseph Greene, a Cleveland Heights police detective, testified that he attempted to interview appellant about the credit card after his arrest. Appellant refused to be interviewed or sign a statement that he had received his Miranda warnings.
Greene subsequently telephoned the Powers' residence and left a message on their answering machine. Laurence Powers' wife, Elizabeth Powers, contacted Detective Greene in response to his message. She informed Greene that her husband's car had been broken into on December 3, 1997 and that his credit card and driver's license had been stolen.
Laurence Powers testified that he and his wife reside at 2216 Delaware Drive, Cleveland Heights, Ohio, less than one mile from Euclid Heights Boulevard. According to Powers, on the morning of December 3, 1997, he and his wife came out of their house and discovered that their two automobiles "had been broken into and rifled through and several items were missing."
Powers testified that his wallet, which contained his driver's license, gas credit cards, FOP cards, and various receipts, was missing. Powers identified the credit card found on appellant as his missing card because it had his name embossed on the front and he recognized his signature on the back of the card.
Powers testified that he did not know how entry had been gained to the automobiles and, on cross-examination, admitted that it was possible that he had left his car unlocked.
Appellant called one witness at trial. Kenneth Thompson testified that he lives on the first floor of one of the apartment buildings on Euclid Heights Boulevard. According to Thompson, on the morning of December 4, 1997, he woke at around 5:45 a.m. A short time later, when he left his apartment building, he observed a man walking through the back yard toward his (Thompson's) car. Although skeptical about the man's presence, Thompson did not call the police. He took his wife to work and returned home at approximately 7:30-7:45 a.m. Upon his return, Thompson observed the same man, still loitering around the driveway and parking lot of the apartment buildings.
Because his car and apartment building had been broken into several times before, Thompson reported the presence of the suspicious male to a policeman who was directing traffic across the street. Thompson waited outside, and when the police officers arrived several minutes later, he pointed out appellant to the officers and then returned to his apartment. Subsequently, the officers came to Thompson's apartment and informed him that they had appellant in custody in the backseat of a patrol car. Thompson looked out of his apartment window and confirmed that appellant was the suspicious male whom he had reported earlier.
Appellant was then arrested and charged with receiving stolen property in violation of R.C. 2913.51. When he was booked, the officers discovered marijuana and a pipe in appellant's right front pocket.
Following the entry of a not guilty plea, appellant waived his right to a trial by jury and elected to be tried by the court. On February 27, 1998, after a bench trial, the court found appellant guilty and sentenced him to nine months in prison. Appellant timely appealed, asserting one assignment of error for our review:
 THE CONVICTION OF THE APPELLANT, MR. BERNARD FAIR, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS INSUFFICIENT TO SUSTAIN HIS CONVICTION AS A MATTER OF LAW.
In his single assignment of error, appellant challenges the weight and sufficiency of the evidence supporting his conviction for receiving stolen property.
A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins(1997),78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2913.51(A) defines the offense of receiving stolen property:
 No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
Appellant concedes that he had possession of Powers' credit card. He contends, however, that the state failed to prove, as required by R.C. 2913.51(A), that the credit card was stolen and that he knew, or should have known, that the card was stolen.
Appellant asserts that the only evidence offered to show that the credit card was stolen was the testimony of Laurence Powers. Appellant argues that because Powers admitted that he could have left his car unlocked and that there were no signs of forcible entry to the car, it is just as likely that he lost his card as that it was stolen from him. Accordingly, appellant asserts, the state failed to prove that the card was stolen. We disagree.
Powers testified that when he went to his car on the morning of December 3, 1997, his car "had been broken into and rifled through and several items were missing." Moreover, Detective Greene testified that Powers' wife told him that her husband's car had been broken into and that his credit card and driver's license had been stolen. Powers' wife also reported the card as stolen to the Cleveland Heights Police Department.
Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have fund beyond a reasonable doubt that Powers' credit card was stolen.
Appellant also asserts that the state did not demonstrate beyond a reasonable doubt that he either knew, or had reasonable cause to believe, that the credit card was obtained through the commission of a theft offense. Appellant contends that because there was no evidence regarding how he came into possession of the credit card, reasonable minds could not conclude that he knew, or should have known, that it was stolen. We do not agree.
The criteria for determining whether a defendant knew or should have known that property has been stolen were set forth in Statev. Davis(1988), 49 Ohio App.3d 109. The factors include: 1) the defendant's unexplained possession of the merchandise; 2) the nature of the merchandise; 3) the frequency with which such merchandise is stolen; 4) the nature of the defendant's commercial activities; and 5) the relatively limited time between the theft and the recovery of the merchandise. Id. at 112.
Here, the state presented evidence that appellant could not explain his possession of the credit card. The state also presented evidence that the card clearly bore markings indicating that it was someone else's property: the name "Laurence J. Powers" was embossed on the front of the card and Powers' signature was on the back. The state also presented evidence that the card had been stolen on December 3, 1997 — the day before appellant was arrested.
Moreover, the state presented evidence that even though appellant was warned by Officer Adrine not to reach for his right rear pocket — the pocket containing Powers' credit card — appellant continued to do so. The state also presented evidence that although appellant's right front pocket contained obvious contraband (marijuana and a pipe), appellant never reached for that pocket.
"Knowledge that property is stolen may be inferred from circumstantial evidence." State v. Beasley(Feb. 21, 1991) Cuyahoga App. No. 58054. Viewing this circumstantial evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant knew that the card was stolen.
We hold, therefore, that the state met its burden of production regarding each element of the crime of receiving stolen property and, accordingly, there was sufficient evidence to support appellant' s conviction.
Appellant also asserts that his conviction was against the manifest weight of the evidence. We find no merit to this argument.
When reviewing a claim that the judgment in a criminal case is against the manifest weight of the, evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins(1997), 78 Ohio St.3d 380, 387, citing Statev. Martin(1983), 20 Ohio App.3d 172, 175.
Appellant does not offer any specific arguments regarding why his conviction is against the manifest weight of the evidence. After reviewing the entire record, weighing the evidence and considering the credibility of the witnesses, however, we are not persuaded that the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Rather, there is substantial evidence from which the trial court could have concluded, beyond a reasonable doubt, that appellant received or retained the property of Laurence Powers, knowing or having reasonable cause to believe that the property had been obtained through the commission of a theft offense, in violation of R.C. 2913.51.
Appellant's assignment of error is, therefore, overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ TIMOTHY E. McMONAGLE JUDGE
ANN DYKE, P.J. and JAMES D. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).